COTTEN *v*. CITY OF BENTON.

Opinion delivered February 22, 1915.

CONSTITUTIONAL LAW—CLASSIFICATION OF INCORPORATED TOWNS—SPECIAL LEGISLATION.—A special act of the Legislature, Act 113, Special Acts 1911, declared the city of Benton to be a city of the second class. *Held,* the special act was unconstitutional as being in violation of art. 12, § 3, Constitution 1874, which provides that the General Assembly shall provide by general laws for the organization of cities and incorporated towns, and restrict their powers of taxation, assessment, and contracting debts, so as to prevent an abuse of such power.

Appeal from Saline Chancery Court; *J. P. Henderson,* Chancellor; reversed.

STATEMENT BY THE COURT.

The General Assembly of 1911 passed Special Act No. 113, which was an act to declare Benton, Arkansas, a city of the second class and for other purposes.

The city council of the city of Benton, proceeding upon the assumption that the act was valid, and constitutional, passed an ordinance requiring property owners to construct sidewalks and curbs.

M. M. Cotten failed to comply with the order and the city council caused a walk and curb to be constructed in front of his property and upon his refusal to pay for the same a complaint was filed in the chancery court of Saline County asking that the property be condemned and sold for the payment of the amount expended by the city for the construction of the walk and curb.

The chancellor found in favor of the city of Benton and from a decree entered in its favor Cotten has prosecuted an appeal to this court.

*J. S. Abercrombie* and *Hal L. Norwood,* for appellant.

The act was unconstitutional and void. Const., art. 5, § 24, art. 12, § 2; 36 Ark. 166.

*W. V. Evans,* for appellee.

The act is not unconstitutional. The Legislature is the supreme judge of the necessity or propriety of a special law. 61 Ark. 25; 59 *Id.* 530; 48 *Id.* 370; 53 *Id.* 494; Const. Ark., art. 5, § 24.

HART, J. The only contention made by counsel for the defendant for a reversal of the decree is that the special act above referred to making Benton a city of the second class is unconstitutional, and in this we think counsel are correct.

Article 12, section 3, of the Constitution of 1874, reads as follows:

"The General Assembly shall provide, by general laws, for the organization of cities (which may be classified) and incorporated towns, and restrict their power of taxation, assessment, borrowing money and contracting debts, so as to prevent the abuse of such power."

Counsel for the defendant insist that the special act in question violates this clause of the Constitution and cites the case of *Little Rock* v. *Parish,* 36 Ark. 166, in support of their contention. In that case the court held:

"1. Whether a municipal corporation has definite boundaries, and what they are, is for the courts, and not the Legislature, to determine.

"2. On the passage of the Act of April 20, 1873, for the addition of territory to municipal corporations, 'DuVal's addition' to the city of Little Rock became and continued a part of the city, and was not cut off, as was attempted, by the Act of March 9, 1877, 'to define the boundary of the city,' the act being unconstitutional."

On the other.hand, it is contended by counsel for the city of Benton that while article 5, section 24, provides in effect that in all cases where a general'law can be made applicable no special law shall be enacted, that the court has uniformly held that the Legislature must determine for itself whether a general law can be made applicable in any particular case.

We do not think, however, that the provisions of that section have any application whatever to the case before us, but are of the opinion that the issue raised by the appeal is determined by the provisions of article 12, section 3, above quoted.

That section in express terms states that the General Assembly shall provide by general laws for the organization of cities and incorporated towns, and contains also a provision for their classification. The Legislature, pursuant to the power given it by this provision of the Constitution, has enacted general laws for the organization of cities and towns and has granted to cities of the first and second class enlarged and additional powers to those granted municipal corporations. The act in question constituted the town of Benton a city of the second class and conferred upon it the additional powers granted to a city of the second class. It could not grant additional powers without being in violation of article 12, section 3, of our Constitution.

It follows that the special act declaring the town of Benton a city of the second class was unconstitutional.

Therefore the decree will be reversed and the cause dismissed.