### EUREKA FIRE HOSE COMPANY *v.* FURRY.

### Opinion delivered December 4, 1916.

1. MUNICIPAL CORPORATIONS—RIGHT TO CALL IN WARRANTS.—Under Kirby's Digest, § 5508, all municipal corporations have power to call in outstanding warrants for cancellation, re-issuance or classification, or for any lawful purpose whatever.

2. MUNICIPAL CORPORATIONS—ATTEMPTED CHANGE OF CLASSIFICATION— ACTS OF DE FACTO OFFICERS.—The acts of *de facto* officers of a city of the second class, which the legislature ineffectually attempted to raise to a city of the first class, and who had been elected under the belief that the said statute was valid, will be held to be valid, where they undertook to call in certain outstanding warrants.

Appeal from Crawford Circuit Court; *James Cochran*, Judge; affirmed.

#### STATEMENT BY THE COURT.

This cause was heard below on an agreed statement of facts. The agreed statement of facts is as follows:

"It is agreed by counsel for the above named parties that this cause be tried before this court, upon the pleadings, exhibits and the following agreed statement of facts:

"1. That the facts as alleged in the complaint and answer, with all exhibits thereto and proofs of publication attached, are true.

"2. That the city of Van Buren, Ark., was a duly organized city of the second class prior to the passage of Act No. 112 of the General Assembly of Arkansas entitled, 'An Act Declaring the City of Van Buren, Crawford County, Ark., a city of the first class,' approved

March 1, 1913, and that said city prior thereto and still, consists of three city wards.

"3.   That the following officers were elected as officers of Van Buren as a city of the second class, the first Tuesday in April, 1912, duly qualified and entered upon their respective offices, towit:  Mayor, J. D. Hawkins; Recorder, F. H. Fennessy; Marshal, H. G. Miller; Aldermen, C. E. Norman, Carl Shibley, Edgar Covey, John Kohne, S. A. Pernot, and L. H. Johnson; Treasurer, David Furry.

"That in June, 1913, the following officers were elected at a special election for a city of the first class, duly qualified, and the former officers, not re-elected, abandoned their offices, and said officers entered upon their respective offices, towit:  Mayor, J. D. Hawkins; City Clerk, F. H. Fennessy; Police Judge, Park Crutcher; Aldermen, C. E. Norman, P. H. Morris, W. J. Martin, Joe Jones, L. H. Johnson and W. H. Hayman; Treasurer, said P. W. Furry.

"That J. D. Hawkins has been holding the office of Mayor since April, 1912, said Fennessy was elected as city recorder in April, 1912, and has been elected successively to the office of city clerk under the elections held since said special act, and the office as styled in the proclamation of said elections was "City Clerk." That he has been in constant possession of the records of ordinances, by-laws and proceedings of the city council since 1912, and acting as clerk to said city council. That Aldermen C. E. Norman and L. H. Johnson have been re-elected to office aforesaid continuously since April, 1912.

"At the time set forth in defendant's answer, the said F. H. Fennessy was acting as city clerk under the government as organized by the elections held since the passage of said special act of the Legislature.  That no ordinance was passed prescribing his duties since the passage of the said act, and he performed the same clerical duties as he did when acting as recorder in 1912. He signed and attested the minutes and records of the

proceedings of the council as 'F. H. Fennessy, City Clerk.' "

*Covington &. Grant*, for appellant.

1. The proceedings to call in the warrants were without authority of law and void. The act was void. 44 Law Rep. 196; 171 S. W. 231.

2. The proof of publication is not in due form of law and there was no proof of publication of the notices required. Kirby's Digest, § 5509; 65 Ark. 142; 48 *Id.* 238; 65 *Id.* 353; 87. *Id.* 406; 48 *Id.* 238.

*L. H. Southmayd, Jr.*, for appellee.

1. Van Buren had the right to call in its warrants. Kirby's Digest, § 5508. It lost none of its rights by the act March 1, 1913. In 117 Ark. 190, the city attempted to do an act which it had no power to do.

2. The officers were at least *de facto* officers. 38 Conn. 499; 9 Am. Rep. 409-427; 49 Ark. 439; 38 *Id.* 150, 158. Their acts are valid. 4 Ark. 582; 49 *Id.* 439; 55 *Id.* 81; 52 *Id.* 356; 65 *Id.* 343, 351; 74 N. J. L. 455.

3. The notices were given and posted as required by law and the proof of publication legally sufficient. Kirby's Digest, §§ 5508-9, 5471-3, 4923-4; 83 Ark. 229, 231; 117 *Id.* 254, 259; 34 Cyc. 1825; 122 Ark. 326; 65 Ark. 142; 48 *Id.* 238; 65 *Id.* 353; 87 *Id.* 406-9. |

HUMPHREYS, J. (after stating the facts). (1) There can be no question as to the power of all municipalities to call in outstanding warrants for cancellation, reissuance or classification, or for any lawful purpose whatever. Under section 5508, Kirby's Digest, this authority is given to any city or incorporated town in this State.

After purchasing the hose from the appellant herein and issuing a warrant therefor, the city of Van Buren called in its warrants. The call was made by the officers elected at a special election held in 1913, under a special law enacted by the Legislature of Arkansas, raising the city of Van Buren from a city of the second class to a city of the first class.

It is contended by learned counsel for appellant that the special act attempting to raise the city of Van Buren from a city of the second class to a city of the first class is void and that all proceedings by the officers of Van Buren as a city of the first class are void, including the call of the city's warrants for cancellation and reissuance. It is true that acts of this character were held void in the case of *Cotten* v. *Benton*, 117 Ark. 190, because it enlarged the powers of a municipality. The right to call in the outstanding warrants of the city was not enlarged by the special act in question.

In the special election the same mayor was re-elected, the recorder was elected city clerk and two of the old aldermen were elected new aldermen; four of the old aldermen abandoned their offices and the four newly elected aldermen served in their places on the city council as a city of the first class.

(2) After looking into the authorities carefully, we are of the opinion that all the officers participating in the affairs of the city as a city of the first class, were at least *de facto* officers in so far as they were exercising corporate powers of a city of the second class. They were acting under the color of an election and at a time when the special act had not been declared unconstitutional. *State* v. *Carroll*, 38 Conn. 449; *Keith* v. *State*, 49 Ark. 439; *Pierce* v. *Edington*, 38 Ark. 158.

The other questions presented are whether the notices were properly posted and the proofs thereof legally sufficient. The order, notices, proof of publications of notices for calling in the warrants appear in the record as exhibits to the answer and are quite lengthy. We have examined them carefully in connection with the statutes. Both the notice and the proofs thereof are sufficient in form and substance.

The decree refusing the mandamus and declaring the warrants sued on barred, was correct and should be affirmed. It is so ordered.