DUPREE v. STATE.

Opinion delivered January 11, 1932.

Sam M. Levine and L. DeWoody Lyle, for appellant.
E. W. Brockman, Prosecuting Attorney, for appellee.

BUTLER, J. This case raises the question of the constitutionality of act No. 297 of the Acts of the General Assembly of 1931. The appellant was prosecuted and convicted of unlawfully killing a squirrel under § 5 of

act 160 of the Acts of the General Assembly of 1927, by which it was made unlawful to kill squirrels in any county in this State except between the dates of May 15th to June 15th, both inclusive, and October 1st to January 1st, both inclusive. The defendant defended on the ground that the act of 1927 had been superseded by act 143 of the Acts of 1929 as amended by act No. 297 of the Acts of 1931.

Act No. 143 of the Acts of 1929 provided for an open season for killing squirrels between the dates of July 1st to January 1st in fifty-seven of the seventy-five counties of the State. It provided for an open season between October 1st to January 1st in fourteen counties and in three counties two open seasons were provided—May 15 to June 15 and October 1st to January 1st—and as to one county it was provided that there should be no closed season at all. Act No. 297 of the Acts of 1931, as act No. 143, *supra,* made it unlawful to kill squirrels except in open season, which was fixed generally at July 1 to January 1. Jefferson County was included in this open season. In other counties the open season was fixed at other and different dates with the following proviso: ''Provided that there shall be no closed season for hunting, killing and possessing squirrels in Marion, Madison, Searcy, Logan, Carroll, Baxter, Newton, Boone, Fulton, Izard and Sharp Counties.'' It will be observed therefore that the act of 1931 made it unlawful to kill squirrels within certain named dates in all the counties of the State except those named in the proviso, and in those counties there was no closed season and squirrels might be lawfully hunted in those counties throughout the year.

Amendment No. 14 to the Constitution provides: ''The General Assembly shall not pass any local or special act. This amendment shall not prohibit the repeal of local or special acts.''

In the case of *Webb* v. *Adams,* 180 Ark. 714, 23 S. W. (2d) 617, the inhibition of that amendment was applied to an act of the General Assembly which provided for an optional county unit or a consolidated school

system for the State operating equally throughout the State except in two counties, which, by proviso, were excluded from the provisions of the act. The court said: "The exclusion of a single county from the operation of the law makes it local, and it cannot be both a general and a local statute * * *. A local law is one that applies to any subdivision or subdivisions of the State less than the whole. 3 Words & Phrases, Second Series, p. 172. A law is special in a constitutional sense when, by force of an inherent limitation, it arbitrarily separates some person, place or thing from those upon which, but for such separation, it would operate."

In the act of 1929 and that of 1931 the Legislature exempted certain counties from the operation of the law. This arbitrarily places these counties in a separate class and leaves them outside the provisions of the law. As was said in the opinion on rehearing in *Webb* v. *Adams, supra*: "This would amount to allowing the Legislature to wholly disregard the constitutional amendment and leave the Legislature at its own will to say whether or not the law shall apply throughout the whole territorial limits of the State or whether its operation should be restricted to certain counties. While proper classification is allowed, it must stand upon some reason and have regard to the character of the legislation and cannot be arbitrarily used by the Legislature." See also the recent case of *Simpson* v. *Matthews, ante* p. 213.

It necessarily follows from what is said in the cases last cited that the acts of 1929 and 1931, *supra,* fall within the inhibition of the Constitution and are therefore void, and leave act No. 160 of the Acts of 1927 in force, and, as July 16 was a time under that act when it was unlawful to kill squirrels, the appellant was properly found to be guilty, and the judgment of the circuit court is affirmed.