ARKANSAS GAME & FISH COMMISSION *v.* CLARK.

4-4332

Opinion delivered June 8, 1936.

*Carl E. Bailey,* Attorney General, and *J. Hugh Wharton,* Assistant, for appellant.

*Woodrow H. McClellan, Jim C. Cole* and *Curtis R. DuVall,* for appellee.

SMITH, J. Pursuant to the authority conferred by act 323 of the Acts of 1935 (page 889), the Game and Fish Commission passed and promulgated certain regulations for the protection of the wild life of the State. Among the regulations so passed was one prohibiting the chasing of deer with dogs in Grant and other counties, but not including the whole State, and changing the

season and days in which deer might be taken in Grant and other counties, but not including the whole State.

Appellees, citizens of Grant county, sought to enjoin the Commission from promulgating and enforcing these rules relating to chasing and taking deer in Grant county, and from a decree granting that relief is this appeal. It was decreed by the court that, in so far as act 323 "directs and permits the Game and Fish Commission to regulate the season and manner in which deer may be taken in any part of the State less than the whole State is unconstitutional and void."

It is not questioned that act 323 authorizes and permits the Commission to promulgate the regulations complained of changing the seasons for taking fish and game and the manner of taking in the various counties. But it is insisted that so much of the act as confers this authority violates Amendment No. 14 to the Constitution, which prohibits the passage of local bills. The court below sustained that contention, and the correctness of this ruling is the question presented for decision.

The case of *Special School District No. 60* v. *Special School District No. 2*, 181 Ark. 253, 25 S. W. (2d) 443, involved the validity of an act conferring authority to form school districts and to change boundaries of such districts, but containing a proviso that the act should not repeal or affect an act creating a special school district in Lonoke county. It was held that this was not a local or special act "because the act applies to and affects alike all persons and things of the same class and condition who elect to bring themselves by proper procedure within the terms of the act." But such is not the effect of act 323 of the Acts of 1935. It contemplates and authorizes diversity in rules and regulations in the various counties. One who wished to hunt or fish would have to know in what county he was in in order to know what regulations governed the chasing and killing of deer. The season might be open in one county and closed in another, and the method of hunting or fishing lawful in one county might be unlawful in another. The General Assembly prescribed no method by which the classification might

be made, and did not itself make the classification. On the contrary, the Commission was authorized to make the game regulations here complained of, which are not required to be of general application, but may be, and are, local in application. In other words, the General Assembly has attempted to do indirectly what this court has held may not be done directly, that is, to pass game laws having application to portions of the State less than the whole.

We have a number of cases dealing with the subject of local legislation since the adoption of Amendment No. 14 prohibiting such legislation. That such legislation may not be enacted is not questioned. The question usually involved is whether the particular legislation under review is in fact local in character.

One of the most recent of these cases is that of *Smith v. Cole,* 187 Ark. 471, 61 S. W. (2d) 55. By act No. 250, passed at the 1933 session of the General Assembly, the salaries of all the county officers of all the counties in the State were classified except those of the officials of Union county. The act was held void as to this portion thereof as being a local act, in violation of Amendment No. 14, by reason of having exempted Union county from its provisions. Other portions of that act were held valid, however, in the case of *Matthews v. Byrd,* 187 Ark. 458, 60 S. W. (2d) 909, its provisions being held to be severable.

In the case of *Dupree v. State,* 184 Ark. 1120, 44 S. W. (2d) 1097, an act of the 1931 session of the General Assembly, providing for open and closed seasons on hunting squirrels, which exempted certain counties from its operation, was held to be a "local or special" act, and therefore prohibited by Amendment No. 14. In the case just cited the appellant was convicted of unlawfully killing a squirrel in violation of an act of 1927 which made it unlawful to kill squirrels in any county in this State except between the days of May 15 and June 15, both inclusive, and from October 1 to January 1, both inclusive. An act relating to killing squirrels was passed at the 1929 session of the General Assembly which applied to fifty-seven counties only. The law was further amended

at the 1931 session of the General Assembly by an act which provided there should be no closed season for hunting squirrels in eleven counties there named. It was held that the acts both of 1929 and 1931 were void as applying to portions of the State less than the whole, and that the act of 1927 had continued in effect, notwithstanding these attempts to amend it, the amendatory acts being void as local legislation, violative of Amendment No. 14.

So, here, the rules promulgated by the Game and Fish Commission, applying to portions of the State less than the whole, were properly held to be void and of no effect. If the act 323, *supra,* did not authorize the promulgation of the rules here complained of, they would be void for that reason. If it does authorize these regulations, and we think it does, then there is an attempt to do indirectly what Amendment No. 14 provides may not be done directly, that is, to pass local game laws or other local legislation.

The court below therefore properly held so much of the regulations of the Game and Fish Commission as were local in character to be void and of no effect, and that decree is affirmed.