## GROSS *v.* HOMARD.

4-6154 144 S. W. 2d 705

Opinion delivered November 18, 1940.

*Harry Neelly,* for appellant.

*Jas. H. Wiseman* and *Culbert L. Pearce,* for appellee.

HUMPHREYS, J. This suit was brought in the chancery court of White county by appellant, a resident and property owner in the city of Kensett, Arkansas, against the mayor and aldermen of said city to enjoin them from issuing and selling bonds in the sum of $4,000 with which to construct an auditorium in said city, under authority of act 334 of the Acts of 1937, as amended by act 211 of the Acts of the General Assembly of 1939, upon the alleged grounds that said act as amended is in conflict with Amendment No. 13 of the Constitution of the state of Arkansas, and that said act as amended, was a special act and in conflict with art. 12, § 3, of the Constitution of 1874 and, as amended, it delegated to cities and towns authority to raise the classification of said cities and towns.

Appellees filed a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against them.

The demurrer to the complaint was sustained and appellant refusing to plead further, his complaint was dismissed for the want of equity, from which is this appeal.

The first question arising on this appeal is whether act 334 passed by the General Assembly of 1937 as amended by act 211 of the Acts of the General Assembly of 1939 is in conflict with Amendment No. 13 to the Constitution of 1874.

Said act 334, as amended, allowed incorporated towns in the state irrespective of size and population to become a city of second class by passing an ordinance calling an election to submit to the citizens (as was done by Kensett) the question of whether said town should be raised to the status of a city of the second class. The incorporated town of Kensett passed such an ordinance, No. 70, entitled: "An ordinance to raise the town of Kensett, Arkansas, now an incorporated town, to a city of the second class, to provide for the election of officers

thereafter, the designation of wards, and for other purposes.''

Subsequently the incorporated town of Kensett passed an ordinance, No. 72, entitled: ''An ordinance submitting to the voters of the city of Kensett, Arkansas, the question whether it will issue bonds to the extent of $4,000 for the purpose of the construction and equipment of a municipal auditorium for the said city.''

These ordinances were made exhibits to and a part of the complaint. They were regularly passed.

Pursuant to the ordinance an election was held and the complaint disclosed that the vote was unanimous for the issuance of the bonds and their sale to construct the auditorium.

Amendment No. 13 to the Constitution, adopted in 1926, with which it is contended act 334 as amended is in conflict, is, in part, as follows:

''Amendment No. 13
''(Municipal Improvement Bonds)

''That § 1, of art. XVI, of the Constitution of the state of Arkansas be amended to read as follows:

''Article XVI, § 1. Neither the state nor any city, county, town or other municipality in this state, shall ever lend its credit for any purpose whatever; nor shall any county, city, town or municipality ever issue any interest bearing evidences of indebtedness, except such bonds as may be authorized by law to provide for and secure the payment of the indebtedness existing at the time of the adoption of the Constitution of 1874, and the state shall never issue any interest bearing treasury warrants or scrip.''

''Provided that cities of the first and second class may issue by and with the consent of a majority of the qualified electors of said municipality voting on the question at an election held for the purpose, bonds in sums and for the purposes approved by such majority at such election as follows:''

The argument of appellant is that at the time of the adoption of Amendment No. 13 the legislature had classified cities of the second class as those having a population of between 1,750 and 5,000 inhabitants and that the purpose of the amendment was to allow cities having a population of between 1,750 and 5,000 inhabitants to issue bonds for making certain public improvements including the construction of an auditorium. Act 119 of the Acts of 1931 (Pope's Digest, § 9483).

No reference in said Amendment No. 13 is made to the number of inhabitants a city must have before it might issue bonds. It dealt only with cities of the first and second class as then fixed or might thereafter be fixed by the legislature. It in no way inhibited the legislature from allowing an incorporated town to be raised by election to the status of a city of the second class for the purpose of making public improvements.

General power is conferred upon the General Assembly of this state by § 3, art. 12, of the Constitution of 1874 to organize cities and classify them and to impose restrictions upon them in certain particulars. Section 3, art. 12, of the Constitution of 1874 is as follows: "The General Assembly shall provide, by general laws, for the organization of cities (which may be classified) and incorporated towns, and restrict their power of taxation, assessment, borrowing money and contracting debts, so as to prevent the abuse of such power."

If appellant's contention is correct then the adoption of Amendment No. 13 had the effect of abridging the power of the legislature to again classify cities and incorporated towns after having once classified them. Certainly the General Assembly would have authority under § 3 of art. 12 of the Constitution to reclassify cities and incorporated towns by amendment from time to time if it became necessary for the public good and welfare of the state and if the classification was not arbitrary. We conclude, therefore, that Amendment No. 13 to the Constitution did not repeal or affect § 3 of art. 12 of the Constitution so as to prevent the General Assembly from

making reasonable classifications of cities and incorporated towns at any time it might choose to do so. In 19 R. C. L., p. 42, it is said: "After the legislature has made a classification it is permissible for it to create a class within the existing classes as long as the new classification is by general law and not arbitrary or unreasonable. . . ."

It is contended, however, by appellant that act 334 of the Acts of 1937, as amended by act 211 of the Acts of the General Assembly of 1939, was a special act because § 3, art. 12, of the Constitution expressly provides "that the General Assembly shall provide by general laws for the classification of cities and incorporated towns," and that the incorporated town of Kensett could not be lifted to a city of the second class by a special act. This contention is correct if act 334 of the Acts of the General Assembly of 1937 as amended by act 211 of the Acts of the General Assembly of 1939 is a special act. Appellant cites the case of *Cotter* v. *City of Benton,* 117 Ark. 190, 174 S. W. 231, in support of his contention that said acts are special acts, but the case cited does not support appellant in this contention. In the Cotter case, *supra,* the decision rested alone on the fact that the legislature sought by a special act to change the classification of one town. The fact is that act 334 of the Acts of 1937 as amended by act 211 of the Acts of 1939 applies to all incorporated towns in the state of Arkansas instead of applying to one town. The acts are essentially general laws and not special laws. It was held in the case of *Knowlton* v. *Walton,* 189 Ark. 901, 75 S. W. 2d 811, that reasonable classifications based on the population and prospective in their operations do not offend against the constitutional prohibitions against special or local laws. The rule for distinguishing special or local laws from general laws may be found in the cases of *Webb* v. *Adams,* 180 Ark. 713, 23 S. W. 2d 617, and *Dupree* v. *State,* 184 Ark. 1120, 44 S. W. 2d 1097. Under the rule announced in those cases act 334 of the Acts of 1937 as amended by act 211 of the Acts of 1939 is a general and not a special or local law and does not offend

against § 3, art. 12, of the Constitution of 1874 nor Amendment No. 14 to the Constitution.

Appellant also argues that said act delegates to cities or the inhabitants thereof the authority to raise the classification of said cities and towns. We do not think so for the General Assembly enacted the law itself and provided that same should not become effective until approved by a vote of a majority of those affected. This court ruled, in the case of *Capps* v. *Judsonia & Steprock R. I. District,* 154 Ark. 46, 242 S. W. 72, that a statute creating a road improvement district which provides that the act shall not become effective until approved by a vote of a majority of the affected landowners was not invalid as a delegation of legislative power. In that case this court said: "It is insisted, in the first place, that the statute is void because it is an attempt to delegate legislative authority. It seems plain to us, however, that the statute is not a delegation of legislative authority, but comes within the rule that the legislature may 'make a law to delegate the power to determine some facts or state of things, upon which the law makes or intends to make its own action depend.'"

No error appearing, the decree is affirmed.