The Honorable Jerry P. Bookout State Senator 1717 James Jonesboro, AR 72401
Dear Senator Bookout:
This is in response to your request for an opinion concerning the reappointment of the airport commissioner of the City of Walnut Ridge. Specifically, you have asked whether upon reappointment of an airport commissioner, which reappointment by city ordinance requires 3/4 approval of the city council, the mayor can cast a deciding vote to approve, where there are 6 members on the council excluding the mayor, and the vote of the council was 4-2 in favor of approval. The answer to your question, for more than one reason, is no. Five specific questions have been posed, and will be addressed seriatim below.
QUESTION 1. Does Arkansas Code 14-43-501 or any other law give the mayor the right to a vote and if so, since five of the six man council are required for 3/4 council approval and since the mayor is not a member of the council, does the mayor's vote for approval count as the fifth vote meet the 3/4 requirement or is the mayor's vote insufficient to pass the 3/4 requirement?
ANSWER: Ordinance 501 of the City of Walnut Ridge provides in pertinent part:
 Section 4. The Airport Commissioners shall be appointed by the Mayor and confirmed by a three-fourths (3/4) vote of the duly elected and qualified members of the City Council. . .
Arkansas Code Annotated 14-43-501 provides in pertinent part:
 (b)(1)(a) The mayor shall be ex-officio president of the council and shall preside at its meetings.
 (B) The mayor shall have a vote when his vote is needed to pass any ordinance, bylaw, resolution, order, or motion.
The problem posed by Question 1 was addressed in Thompson, Mayor v. Younts, 282 Ark. 524, 669 S.W.2d 471 (1984). In Thompson, the mayor cast a deciding 6th vote where the 9 council members' vote stood at 5-4. Under the Arkansas Constitution, a 2/3 majority of the elected members of the council was required in order to overturn an ordinance enacted by popular vote. The statute in issue was A.S.A. 19-1010, (now A.C.A. 14-43-501). The Thompson court held that because the Constitution required a 2/3 vote of all elected members of the city council, the mayor's vote did not count, as he was not an elected member of the council, but was only an ex-officio member.
Although the fact situation presented by your problem does not involve an Arkansas Constitutional provision, it does involve an ordinance which by its terms requires a 3/4 vote of the "elected and qualified members of the City Council." Because the mayor is not an elected member of the council, his vote, according to Thompson, may not be counted to reach the majority needed.
There may, however, be a strong argument that the ordinance, by requiring a vote of the elected members only, in effect usurps the mayor's state statutory authority under 14-43-501 to "have a vote". The court in Thompson was not faced with this question because the state constitutional provision involved in that case clearly took precedence over the statute. In this fact situation, the statute would clearly control over the city ordinance.
It is my opinion, however, that in spite of the argument above, an Arkansas Court, if faced with this issue would still answer QUESTION 1 in the negative. This conclusion is based upon footnote #1 to the Thompson decision. That footnote states:
 [1] We also note that if Amendment Seven were construed as appellants propose, and the mayor were treated as a member of the City Council, the council membership would be ten, and six votes would still not constitute the required two-thirds majority to repeal under Amendment Seven. Thompson, supra at 531.
Although the footnote appears to be dicta, it is my opinion that even if the mayor of Walnut Ridge is allowed a vote, his vote would raise the count to five of seven, and five of seven is not the 3/4 majority required for appointment of the airport commissioner. Any other result would give the mayor's vote additional weight, weight that is not authorized by 14-43-501. QUESTION 2: Has the re-appointed commissioner in the above fact situation been legally approved?
ANSWER: The answer to Question 1 above is dispositive of QUESTION 2.
QUESTION 3. If the re-appointed commissioner has not been legally approved are the acts of the airport commission, since the appointment, legal and valid?
ANSWER: It appears that the current commissioner's past acts are legal and valid under the notion that he was acting as a "de facto" commissioner. In Faucette, Mayor v. Gerlach, 132 S.W. 58, 200 S.W. 279 (1918), the Arkansas Supreme Court cited Constantineau on the De facto Doctrine, 154 in a passage which states:
 `A person who enters into an office and undertakes the duties thereof by virtue of an election or appointment, is an officer de facto, though he was ineligible at the time he was elected or appointed, or has subsequently become disabled to hold the office.' Indeed, it is settled by a current of authority almost unbroken for over 500 years in England and this country, that ineligibility to hold an office does not prevent the ineligible incumbent, if in possession under color of right and authority, from being an officer de facto with respect to his official acts, in so far as third persons were concerned. The reason of the rule is that `the eligibility of an officer is as difficult of ascertainment as his actual election, and sound policy requires that the public should be no more required to investigate the one than the other, before according respect to his official position.' Faucette, supra at p. 60. See also, Eureka Fire Hose Co. v. Furry, 126 Ark. 231, 190 S.W. 427
(1916); Board of Imp. of Gravette Waterworks v. Carman, 138 Ark. 339, 211 S.W. 170 (1919); and Smith v. Little Rock Civil Service Commission, 214 Ark. 765, 218 S.W.2d 366
(1949).
According to the "de facto" doctrine the past acts of the existing airport commissioner are valid and binding as against third parties, even though his appointment may not conform to law.
QUESTION 4. If the reappointed commissioner has not been legally approved and he continues to serve on the commission, will future actions of the airport commission be legal and valid?
ANSWER: The answer to Question 4 is unclear in Arkansas. The existing case law on point involves only official actions prior to any controversy surrounding the officials authority. Insight may be gleaned, however, from Faucette, supra, wherein the court cited an Alabama case with approval stating:
 In the case of Lockhart v. City of Troy, 48 Ala. 579, it was held that the official acts of a person disqualified to hold office was [sic] not void, when such person holds his office under authority of the rightful government of the State, until after his right to the office is determined against him in some legal way. Faucette, supra at p. 62. (Emphasis added).
It appears that "in some legal way" means a judicial determination of authority, and that until such determination, the acts of the commissioner will continue to be valid. It should be noted at this point that an opinion of the Attorney General of Arkansas is not controlling precedent in the State, but might be construed as a determination "in some legal way."
QUESTION 5: If the re-appointed commissioner has not been legally approved, does the re-appointed commissioner continue to serve and if so, for how long, and/or until what events occur?
ANSWER: The answer to Question 5 is not controlled by law. The Commissioner may serve until either the city council, based upon questions surrounding the legality of the appointment, decides to replace him, or until a legal determination is made that he has not been appointed according to law, at which point his actions may cease to be valid.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.