The Honorable Pam Adcock State Representative 6205 Hinkson Road Little Rock, AR 72209
Dear Representative Adcock:
I am writing in response to your request for my opinion on the following questions:
 1. Although provisions of A.C.A. 14-359-105(b)(2) seem clear, please confirm that the mayor is required to take action immediately upon the expiration of the term of an airport commissioner.
 2. In the event that a mayor takes no action after such expiration, may the airport commissioner lawfully occupy the position?
 3. In the event that a mayor takes no action and the airport commissioner continues to occupy the position, are votes cast by that airport commissioner during meeting of the commission valid?
 4. In the event that a mayor takes no action and the airport commissioner becomes chairman of the commission, are actions taken by the commission valid?
 5. In the event that a mayor takes no action over a lengthy period of time and terms have expired for five/sevenths of the membership of the entire commission and those five *Page 2 
commissioners continue to occupy their positions and cast votes on matters before the commission, are unanimous decisions made by the commission valid?
RESPONSE
In my opinion, based upon the discussion set forth in the text of my opinion, the answer to your first question is "yes." In my opinion, the answer to your remaining questions is likewise "yes," although any commissioners serving beyond the dates of their expired terms would be doing so in a "de facto" capacity. However, any such de facto commissioner would be subject to removal if the State or a "de jure" challenger for the office successfully brings a legal action, or if the "de facto" officer is legally established as having attempted to build up some right or to claim some privilege by virtue of his "de facto" position. In my opinion, aside from statutorily authorized recall elections, there are three possible causes of action that may be brought to remove an individual who is ineligible to hold office — a writ of quowarranto, a usurpation action, and a taxpayer lawsuit under the provisions of Article 16, § 13 of the Arkansas Constitution. See
discussion in Op. Att'y Gen. No. 2008-012 (discussing these alternatives). However, given the limited scope of your questions, I will focus my discussion on the validity of the actions taken by airport commissioners prior to the time their positions as officials are successfully challenged.
Question 1: Although the provisions of A.C.A. 14-359-105(b)(2) seemclear, please confirm that the mayor is required to take actionimmediately upon the expiration of the term of an airport commissioner.
Section 14-359-105 of the Code (Supp. 2007), which addresses the appointment of municipal airport commissioners, provides as follows:
 (a) The commissioners shall be appointed by the mayor and confirmed by a three-fourths (3/4) vote of the elected and qualified members of the city council.
 (b)(1) The commissioners first appointed and confirmed shall serve terms of one (1), two (2), three (3), four (4), and five (5) years, with two (2) commissioners serving terms of four (4) years and two (2) *Page 3 
commissioners serving terms of five (5) years. The terms shall be designated by the mayor.
 (2) Upon the expiration of their respective terms, their successors shall be appointed by the mayor, subject to the approval of the council, for terms of five (5) years.
 (c) The commissioners shall file the oath required by law in the State of Arkansas.
 (d) For municipal airport commissions in existence on August 1, 1997, the initial terms of the two (2) new members shall be as follows:
 (1) One (1) new member shall serve an initial term of four (4) years; and
 (2) One (1) new member shall serve an initial term of five (5) years.
 (e) For municipal airport commissions with five (5) members in existence on March 9, 2005, the initial terms of the two (2) new members shall be as follows:
 (1) One (1) new member shall serve an initial term of four (4) years; and
 (2) One (1) new member shall serve an initial term of five (5) years.
(Emphasis added.)
I agree with your conclusion that the highlighted excerpt from this statute anticipates that the mayor will immediately appoint a successor to an airport commissioner whose term has expired, subject to confirmation by the city council.[1] *Page 4 
Question 2: In the event that a mayor takes no action after suchexpiration, may the airport commissioner lawfully occupy the position?
In my opinion, the answer to this question is "yes." Even though an officer is ineligible to hold the office, as he would be in the instance you describe by dint of his not having been duly reappointed, as long as he was elected or appointed under color of law he may serve and validly act as a "de facto" officer while he is permitted to retain the office.
As noted in Op. Att'y Gen. No. 2004-125:
 This so-called "fiction of law" has been summarized by the Arkansas Supreme Court as follows:
 A person who enters into an office and undertakes the performance of the duties thereof by virtue of an election or appointment, is an officer de facto though he was ineligible at the time he was elected or appointed, or has subsequently become disabled to hold the office. Indeed, it is settled by a current of authority almost unbroken for over 500 years in England and this country, that ineligibility to hold an office does not prevent the ineligible incumbent, if in possession under color of right and authority, from being an officer de facto with respect to his official acts, in so far as third persons are concerned.
 Pennington v. Oliver, 245 Ark. 251, 254, 431 S.W.2d 843
(1968), quoting Faucette, Mayor v. Gerlach, 132 Ark. 58, 200 S.W. 279 (1918).
The acts of de facto officers are valid. See Appleby v. Belden Corp.,22 Ark. App. 243, 738 S.W.2d 807 (1987) (holding that the acts of de facto officers are valid and effectual while they are permitted to retain the office, as though they were officers by right, and such actions cannot be questioned collaterally). As one of *Page 5 
my predecessors noted in Op. Att'y Gen. No. 88-168, in which a requestor asked whether "[i]f the re-appointed commissioner has not been legally approved are the acts of the airport commission, since the appointment, legal and valid":
 It appears that the current commissioner's past acts are legal and valid under the notion that he was acting as a "de facto" commissioner. In Faucette, Mayor v. Gerlach, 132 S.W. [sic: "Ark."] 58, 200 S.W. 279 (1918), the Arkansas Supreme Court cited Constantineau on the De facto Doctrine, § 154 in a passage which states:
 'A person who enters into an office and undertakes the duties thereof by virtue of an election or appointment, is an officer de facto, though he was ineligible at the time he was elected or appointed, or has subsequently become disabled to hold the office.' Indeed it is settled by a current of authority almost unbroken for over 500 years in England and this country, that ineligibility to hold an office does not prevent the ineligible incumbent, if in possession under color of right and authority, from being an officer de facto with respect to his official acts, in so far as third persons were concerned. The reason of the rule is that `the eligibility of an officer is as difficult of ascertainment as his actual election, and sound policy requires that the public should be no more required to investigate the one than the other, before according respect to his official position.' Faucette, supra at p. 60. See also, Eureka Fire Hose Co. v. Furry, 126 Ark. 231, 190 S.W. 427 (1916); Board of Imp. Of Gravette Waterworks v. Carman, 138 Ark. 339, 211 S.W. 170 (1919); and Smith v. Little Rock Civil Service Commission, 214 Ark. 765m 218 S.W.2d 366 (1949).
As my predecessor further observed:
 According to the "de facto" doctrine the past acts of the existing airport commissioner are valid and binding as against third parties, even though his appointment may not conform to law. *Page 6 
I should note, however, that the foregoing should not be read as meaning that a commissioner's status as a de facto officer cannot be legally challenged. In this regard, my predecessor in Opinion No. 88-168 offered the following:
 Insight may be gleaned . . . from Faucette, supra, wherein the court cited an Alabama case with approval stating:
 In the case of Lockhart v. City of Troy, 48 Ala. 579, it was held that the official acts of a person disqualified to hold office was [sic] not void, when such person holds his office under authority of the rightful government of the State, until after his right to the office is determined against him in some legal way. Faucette, supra at p. 62. (Emphasis added).
 It appears that "in some legal way" means a judicial determination of authority, and that until such determination, the acts of the commissioner will continue to be valid.
In Bell v. State, 334 Ark. 285, 299-300, 973 S.W.2d 806 (1998), the Arkansas Supreme Court explained as follows the circumstances under which a de facto official may be challenged in what the court inFaucette termed "some legal way":
 Relying on a decision from the Supreme Court of Tennessee, this court outlined what constitutes a collateral attack:
 [There] can be gleaned several guidelines for determining whether a particular attack upon the title of a public official is "collateral." By the very definition of the word if the attack is secondary, subsidiary, subordinate, i.e., related to the main matter under consideration but not strictly a part thereof, the attack is indirect and collateral. If the official's title is questioned in a proceeding to which he is not a party or which was not instituted specifically to determine the validity of his title the attack is collateral. If the title of the officer is questioned in a proceeding in which he is a party merely because he is acting in his official capacity the attack is collateral. Lastly if the attack is made because it is *Page 7 
necessary to show the officer's want of title to lay a basis for some other relief the attack is collateral. . . .
Id. at 186-87, 499 S.W.2d at 602 (quoting Smith v. Landsden, 370 S.W.2d 557
(Tenn. 1963)).
In Chronister v. State, 55 Ark. App. 93, 95, 931 S.W.2d 444 (1996), the court further offered the following general proposition:
 A de facto official is one who by some color of right is in possession of an office, and performs its duties with public acquiescence, though having no right in fact; the acts of de facto officials may not be questioned based upon of the lack of legal authority except by some direct proceeding instituted for the purpose by the State or by someone claiming the office de jure, or when the person himself attempts to build up some right, or claim some privilege by reason of being the official he claims to be; in all other cases, the acts of an officer de facto are as valid and effectual while he retains the office as if he were an officer by right, and the same legal consequences will flow from them for the protection of the public and third parties.
(Emphasis added) (citing Faucette, supra). I recited the precise procedural mechanisms for effecting the removal of a de facto official in the attached Ops. Att'y Gen. Nos. 2008-012; 2007-217, citing Op. Att'y Gen. No. 95-296. Since they do not bear directly on your questions, I will not repeat these analyses here.
Question 3: In the event that a mayor takes no action and the airportcommissioner continues to occupy the position, are votes cast by thatairport commissioner during meeting of the commission valid?
In my opinion, the answer to this question is "yes," so long as the commissioner occupies the office as a de facto officer and has not been successfully challenged in the manner discussed in my response to your previous question.
Question 4: In the event that a mayor takes no action and the airportcommissioner becomes chairman of the commission, are actions taken bythe commission valid? *Page 8 
Subject to the conditions set forth in my responses to your previous two questions, I believe the answer to this question is "yes." I consider it immaterial that the de facto commissioner becomes chairman of the commission. So long as he is not removed from office as provided by law, I believe he will continue to serve as a de facto officer.
Question 5: In the event that a mayor takes no action over a lengthyperiod of time and terms have expired for five/sevenths of the membershipof the entire commission and those five commissioners continue to occupytheir positions and cast votes on matters before the commission, areunanimous decisions made by the commission valid?
Again, because of the application of the de facto-officer doctrine, I believe the answer to this question is "yes," subject to the possible challenges discussed in my responses to your previous questions.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/JHD:cyh
Enclosures
[1] In Op. Att'y Gen. No. 2004-185, my immediate predecessor, relying strongly on the express language of Acts 1949, No. 53, § 4, interpreted the highlighted passage in subsection (b)(2) of this statute to mean that appointed successor commissioners must be approved by a 3/4 majority of the elected and qualified members of the city council, just as must initial appointees pursuant to subsection (a) of the statute. I concur completely with my predecessor in this conclusion. *Page 1