ELIZABETH HOOPER, *Adm'x, versus* JORDAN J. GOODWIN & *als.*

An officer *de facto* is one, who executes the duties of an office under some color of right, some pretence of title, either by election or appointment.

The acts of an officer *de facto* are valid when they concern the public or the rights of third persons, and cannot be indirectly called in question, in a suit to which such officer is not a party. It is only in a suit against him that his right can be questioned.

*Thus,* in a suit upon a poor debtor's bond, where the defence was, that the debtor had performed one of its alternative conditions, by taking the oath required, evidence that the justice, who issued the notification to the creditor, was, at the time he was commissioned, a minor and not eligible to the office, was rightfully excluded.

EXCEPTIONS from the ruling of APPLETON, J.

THIS was an action of DEBT, upon a bond given by a debtor, arrested on execution, for his release. The bond is dated May 30, 1859. On the 27th day of June following, *Austin Edgerly,* who then held a commission as a justice of the peace in and for the county of York, issued a citation to the creditor, upon the application made to him by the debtor. The citation was duly served, and the debtor took the oath as provided by law, and the certificate was duly issued by the justices of the peace and of the quorum before whom the oath was taken. The creditor did not appear at the time of the examination and the taking of the oath.

The action was submitted to APPLETON, J., presiding at *Nisi Prius,* by the parties, with the right to except.

The plaintiff introduced an attested copy of the commission of said Edgerly, as justice, from which it appeared that he was appointed and commissioned on the 9th day of March, 1859, and was qualified on the 18th day of the same month. He also offered in evidence a copy of the town records of Buxton, of the births of that town, showing that said Edgerly was born March 25th, 1838, as evidence to prove that the said Edgerly, who issued the citation, as a magistrate, was a minor when he was commissioned and qualified, and was then acting under that commission.

The presiding Judge ruled that the evidence was inadmissible for the purpose for which it was offered, and directed a *nonsuit.* The plaintiff excepted.

*S. P. McKenney,* for the plaintiff.

*J. M. Goodwin,* for the defendants.

The opinion of the Court was drawn up by

APPLETON, J. — An officer *de facto* is one, who executes the duties of an office under some color of right, some pretence of title, either by election or appointment. The acts of an officer *de facto* are valid when they concern the public or the rights of third persons, and cannot be indirectly called in question in a suit to which such officer is *not* a party. His right can only be questioned in a suit against him. A mere usurper is one who acts without color of title, and whose acts are utterly void. *Tucker* v. *Aiken,* 7 N. H., 113.

Whether a person, exercising the office *de facto,* is an officer *de jure,* cannot be settled in proceedings between third parties. *Morse* v. *Colley,* 5 N. H., 222; *Bean* v. *Thompson,* 19 N. H., 290; *People* v. *Collins,* 5 Johns., 549; *Norwich* v. *Yarrington,* 20 Vermont, 473.

In *People* v. *Dean,* 3 Wend., 438, it was held that, by the statutes of the State, a minor was incapable of holding a civil office; but that it was not for the officer appointed to administer the oath to determine whether the person presenting himself, was or was not, on account of age, capable of holding

the office to which he ' was appointed. If the appointment was improvidently made, there is a legal mode by which it is to be declared void.

In the present case, Edgerly was commissioned and qualified to act as a justice of the peace. Whether the appointment was legal or not, cannot be called in question in a suit between these parties. He is an officer *de facto*, acting under color of an appointment in due form of law, and if, on account of his alleged minority, it was illegal, the invalidity of the appointment, or the personal incapacity of the appointee, can only be determined in a suit in which he can contest these questions. *Brown* v. *Lunt*, 37 Maine, 423. His official acts are valid as to third persons, till his commission has been judicially determined to be null and void. Such, too, was the rule of the Roman law, even when the appointment was of a slave. " *Acta apud prætorem gesta rata sunt, quamvis per errorem creatus sit, is qui inhabilis esset, puta servus.*"

*Exceptions overruled.*

Tenney, C. J., and Cutting, May, Goodenow, and Davis, JJ., concurred.