J. M. Pennington, et al v. J. C. Oliver,
County Clerk, et al

4630                              431 S.W. 2d 843

Opinion Delivered September 30, 1968

*Gaughan, Laney, Barnes & Roberts* for appellants.

*Frank W. Wynne* for appellees.

Paul Ward, Justice.    This appeal challenges a decree of the chancery court approving " ... a 10% across-the-board assessment increase on all real estate in Dallas County".

The case was tried on the pleadings and a stipulation of facts which, for brevity and clarity, are summarized below.

On September 30, 1967 certain residents, citizens and taxpayers of said county (referred to here as ap-

pellants) filed a "Petition", alleging, in substance: J. C. Oliver is county clerk and secretary of the Dallas County Equalization Board (referred to hereafter as Board); D. C. Ellen, Steve Garlington and Alton Thomas claim to be members of said board (they are appellees here); The clerk has notified appellants that the Board has "made ten percent across the board of assessments all real estate in Dallas County", but no increase against any improvements or personal property; the said Board members were not selected in the manner required by law, and do not possess the qualifications required by law; said members did not take the oath of office within the time required by law, and failed to keep journal proceedings, and; the court should restrain said members from "extending the illegal and unauthorized assessments". The prayer was in accord with the last allegation.

The answer by appellees, while quite lengthy, is, in essence, a general denial together with a detailed justification of their appointments and actions and will be mentioned later. Appellees asked that appellants' complaint be dismissed.

The issues were submitted to the trial court on appellants' Motion for Summary Judgment, on a stipulation of facts, and on brief submitted by both sides. On December 16, 1967 the court entered a decree denying an injunction as requested by appellants, and holding (a) that the Board is validly constituted and (b) the "10% across-the-board assessments increase ... is proper ... "

On appeal appellants rely on only one designated Point for a reversal. It reads:

"The chancellor erred in holding that the members of the equalization board of Dallas County, Arkansas, were qualified to serve as members of said equalization board and that such improper selection did not invalidate all acts of the equaliza-

tion board, specifically a 10% across-the-board increase on the value of real estate in the county."

We deem it unnecessary to reply to all the arguments and citations of cases presented on appeal by appellants, because we have concluded the case must be affirmed on other grounds explained below.

It is conceded by appellees that the Board members here involved were *not* selected, in every detail, as is set forth in Ark Stat. Ann. § 84-702 (Repl. 1960) although they were selected within the purview of the statute.

Soon after July 1, 1967 the Board was notified by the Assessment Coordination Division of the State that the county would lose much needed school funds because of a 17% assessment. At this time two members of the Board resigned and one member's term had expired in May, so it appeared necessary to fill the two vacancies before August 1, 1967 when, under the statute, the Board was to begin its work. In this emergency situation the vacancies were filled as presently set out.

*Steve Garlington*, who was, concededly qualified, had been a member previously and was reappointed in May 1967, when his term expired, by the County Judge as provided by the statute.

*D. C. Ellen,* an elector and owner of real estate, was appointed by the Superintendent of Schools (at the request of the County Judge) when W. B. Barnes was forced to resign from the Board because of poor health. This method did not comply with the statute.

*Alton Thomas,* an elector who had been a holder of real estate for many years and who still had an interest in real estate, was selected by the Mayor and councilmen of the largest city in the county (at the request of the County Judge) to take the place of Clark Jordan who had resigned for business reasons.

We set out the above details to show that, when the emergency arose, the mentioned officials apparently acted in good faith, and, in doing so, followed the requirements of the statutes as fully as possible under the circumstances.

Under the undisputed facts summarized above we conclude that Garlington, Ellen Thomas were defacto members of the Board, and that their actions were therefore valid. This is in accord with the holdings of this Court in *Faucette, Mayor* v. *Gerlach,* 132 Ark. 58, 200 S.W. 279. There we find this statement:

> "A person who enters into an office and undertakes the performance of the duties thereof by virtue of an election or appointment, is an officer *de facto,* though he was ineligible at the time he was elected or appointed, or has subsequently become disabled to hold the office. Indeed, it is settled by a current of authority almost unbroken for over 500 years in England and this country, that ineligibility to hold an office does not prevent the ineligible incumbent, if in possession under color of right and authority, from being an officer de facto with respect to his official acts, in so far as third persons are concerned."

The *Gerlach* case also cited *McClendon* v. *State, ex rel,* 129 Ark. 286, 195 S.W. 686 as holding "that the qualifications of a *de facto* alderman could not be inquired into in a collateral proceeding . . . " The proceeding in this case is, of course, a collateral attack on the rights of appellees to serve on the Board.

Appellants make two other arguments for a reversal, but they must also be rejected. One is that the 10% across-the-board assessment on real estate was not fair and equitable. The other is that the Board did not keep minutes as required by statute. The answer to the first argument is that no proof was offered to show anyone's property was assessed unfairly, and further-

more this point was not argued in chief by appellants. The answer to the second argument is that the stipulations provide that all records of the Board "will be made available for inspection by the Chancery Court Judge" upon his request.

Affirmed.

HARRIS, C. J. and BYRD J., dissent.