The Honorable Billy Joe Purdom State Representative HCR 66, Box 34 Yellville, AR 72687-9605
Dear Representative Purdom:
This is in response to your request for an opinion on two separate issues which have been paraphrased and restated below:
 1. If a director appointed to a Regional Waste Water Treatment Board per Act 608 of 1983 fails to take his oath of office, are all acts he performs as director null and void, and would the director automatically be removed from the board?
 2. Is Diamond City Ordinance 76-87 sufficient to allow an unsalaried mayor to serve as a part-time policeman, or is an amendment to the ordinance required for each specific case?
It is my opinion, in response to your first question, that the acts performed by the director are not null and void, and that the director would be removed from office.
Although the director has not taken the oath of office, it is my opinion that he is a de facto officer. "An officer defacto is one who by some color of right is in possession of an office and for the time being performs its duties with public acquiescence, though having no right in fact. The acts of an officer de facto are as valid and effectual as though he were an officer by right, and the same legal consequences will flow from them for the protection of the public and of third parties."See State v. Roberts, 255 Ark. 183, 185-186, 499 S.W.2d 600
(1973), citing Faucette, Mayor v. Gerlach, 132 Ark. 58,200 S.W. 279 (1918). Acts performed by the director therefore remain valid.
With regard to the second part of your first question, A.C.A. §14-250-109, which is the codification of part of Section 6 of Act 608 of 1983, states that each director must take an oath of office and that failure to take the oath within thirty days of appointment or election will result in the director's removal from office. A.C.A. § 14-250-109(c)(1) (1987).
In response to your second question, it is my opinion that the ordinance is not sufficient to permit a mayor to serve as a police officer because dual service in these positions is prohibited by law. The specificity of the ordinance will not, in my opinion, influence this determination.
This matter has been addressed previously by this office, and I have enclosed two opinions that fully explore the issue. See
Ops. Att'y Gen. 92-104 and 91-415 (enclosed herein). As you can see, I have opined that a mayor cannot lawfully serve as a police officer within the city. The common law "incompatibility of offices" doctrine would, in my opinion, form the basis for a successful argument against these dual positions, regardless of the police officer's status as an appointee.
It should be noted in this regard that the city's statutory authority to regulate the extent to which council members can conduct business with the city does not, in my opinion, offer an avenue for permitting a mayor to serve as a city police officer.[1] It is my opinion that the governing body's authority under A.C.A. § 14-42-107 to specifically permit council members to conduct business with the city does not generally encompass the work performed by regular city employees, whether full or part-time. Rather, this provision appears to contemplate contracts for specific services furnished to the city. Thus, while it is perhaps conceivable that a police officer's service could fall within § 14-42-107, if the officer had a contract to provide specific services to the city, the work of a part-time policeman under the supervision of a police chief would in all likelihood not meet this criteria. Because of the potential for a fact question in this regard, the city should seek the assistance of counsel to whom it ordinarily looks for advice.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1]Arkansas Code Annotated § 14-42-107 (1987) states in pertinent part:
 (b)(1)No alderman or council member shall be interested, directly or indirectly, in the profits of any contract for the furnishing of supplies, equipment, or services to the municipality unless the governing body of the city shall have enacted an ordinance specifically permitting aldermen or council members to conduct business with the city and prescribing the extent of this authority.