The Honorable Mike Everett State Senator 412 Broadway Marked Tree, AR 72365
Dear Senator Everett:
This is in response to your request for an opinion regarding a county school board member's vote on a particular matter. You state that the board member voted on an issue before the board without taking the oath of office, although he was properly elected. You have asked, specifically, whether a school board member can cast a valid vote on an issue before the board if he has not taken the oath of office.
It is my opinion that in the event of a challenge, the vote would in all likelihood be considered valid as the official act of a "de facto" officer. See generally 67 C.J.S. Officers §§ 264-276 (1978). This so-called "fiction of law" (id. at § 264) has been summarized by the Arkansas Supreme Court as follows:
 `A person who enters into an office and undertakes the performance of the duties thereof by virtue of an election or appointment, is an officer de facto
[emphasis original], though he was ineligible at the time he was elected or appointed, or has subsequently become disabled to hold the office. Indeed, it is settled by a current of authority almost unbroken for over 500 years in England and this country, that ineligibility to hold an office does not prevent the ineligible incumbent, if in possession under color of right and authority, from being an officer de facto with respect to his official acts, in so far as third persons are concerned.'
Pennington v. Oliver, 245 Ark. 251, 254, 431 S.W.2d 843 (1968), quoting Faucette, Mayor v. Gerlach, 132 Ark. 58, 200 S.W. 279
(1918).
Pennington, supra, involved a challenge to the actions of several members of a county equalization board who did not take the oath of office within the time required by law. See alsoMurphy v. Shepard, 52 Ark. 356 (1889) (upholding the validity of the acts of an assessor, as against a collateral attack, who failed to take the general oath of office). As stated in CorpusJuris Secundum:
 [I]t is generally held that persons having color of title may be regarded as de facto officers, even though legally they are not eligible for the position or do not possess the statutory qualifications for the office. One duly appointed or elected to an office but who has failed to take the oath required or to execute a bond within the time prescribed, or one whose bond is irregular, is at least a de facto officer so that his acts are valid as to the public.
67 C.J.S. Officers § 269.
All of the essential elements of the status must be present for one to be considered a de facto officer. Id. at § 265. Generally, this status exists where the person is in possession and exercising the duties of an existing office and he or she has at least a fair color of right or title to the office (through, for example, election or appointment to the position by the legally constituted authority). Id. at §§ 265-268. Assuming that the school board member serves as a de facto officer in this instance, it is my opinion that his action in voting on an issue before the board would withstand a challenge.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh