The Honorable Stanley Russ State Senator P.O. Box 787 Conway, Arkansas 72032
Dear Senator Russ:
This is in response to your request for on opinion concerning the service of a library board member. Specifically, you indicate that membership on a library board is limited by "ordinance/statute" to two 5-year terms. The current board chairman is serving a third consecutive term. You also note that the board caused an election to be held for a county sales tax to construct a new library building. The tax passed and the new library is complete. Your question is whether, if a challenge was made to the sales tax on the basis of the chairman serving illegally, liability could extend to the other board members.
It is my understanding that your question refers to a regional library board. Such boards are authorized by A.C.A. § 13-2-401(b) which provides that "county court[s] shall . . . have the power to establish in cooperation with another county or other counties, a joint free library for the benefit of the cooperating counties." The composition of such boards, however, and the terms of board members are presumably governed by county ordinance. See generally A.C.A. § 14-14-712 (a)(1) (making county library boards subject to reorganization by county ordinance); and A.C.A. § 13-2-404 (referring generally to county library boards). Although I have not been provided with documentation to this effect, I assume, therefore, that some relevant county ordinance designates the terms of the regional library board members to be five years,[1] and states that no such member shall serve more than two terms.
Your question is whether the ineligibility of the board chairman, and thus the questionable validity of his actions or votes as chairman with regard to the sales tax issue, could give rise to any liability on the part of the other board members. It is my opinion that the other board members will not be liable for any allegedly unauthorized votes or acts of the chairman. This conclusion stems from the fact that the acts of the chairman, although he may be ineligible for the office, are nonetheless valid if he can be characterized as a "de facto" officer. This so-called "fiction of the law" has been summarized by the Arkansas Supreme Court as follows:
 A person who enters into an office and undertakes the performance of the duties thereof by virtue of an election or appointment, is an officer de facto, though he was ineligible at the time he was elected or appointed, or has subsequently become disabled to hold the office. Indeed, it is settled by a current of authority almost unbroken for over 500 years in England and this country, that ineligibility to hold an office does not prevent the ineligible incumbent, if in possession under color of right and authority, from being an officer de facto with respect to his official acts, in so far as third persons are concerned.
Pennington v. Oliver, 245 Ark. 251, 254, 431 S.W.2d 843 (1968), quotingFaucette, Mayor v. Gerlach, 132 Ark. 58, 200 S.W. 279 (1918).
Thus, an officer who is in possession and exercising the duties of an existing office, if he or she has at least a fair color of right or title to the office (through, for example, election or appointment to the position by the legally constituted authority) is a de facto officer. The acts of de facto officers are valid. See Appleby v. Belden Corp.,22 Ark. App. 243, 738 S.W.2d 807 (1987) (holding that the acts of de facto officers are valid and effectual while they are permitted to retain the office, as though they were officers by right, and such actions cannot be questioned collaterally).
Thus, if the board chairman was regularly appointed or elected, in my opinion he is in all likelihood a "de facto" officer and his acts are valid. It does not appear, therefore, that any liability premised upon the invalidity of his actions would arise.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The terms of city library board members is set by statute at six years. See A.C.A. § 13-2-502(c).