The Honorable Herschel W. Cleveland State Representative P.O. Box 588 Paris, Arkansas 72855-0588
Dear Representative Cleveland:
This is in response to your request for an opinion on two questions relating to the operation of county equalization boards:
1) How often does an Equalization Board member need to get sworn in?
 2) Is it permissible for the Equalization Board to meet in July to set up their August meetings? Since we only have a weekly newspaper, it will put them up in August before they can begin work if they can't meet in July and set their dates.
RESPONSE
It is my opinion, in response to your first question, that the Arkansas Constitution and relevant statutes contemplate the taking of a new oath at the beginning of each new term of service. In most cases, however, the failure to take the required oath of office does not invalidate the actions of a properly appointed member of a county board of equalization. In response to your second question, in my opinion Section26-27-312 of the Arkansas Code authorizes a special "planning session" of the county board of equalization to be conducted at any time upon petition of the county judge or at the board's own motion.
Question 1 — How often does an Equalization Board member need toget sworn in?
The relevant statute is A.C.A. § 26-27-306, which provides that:
 (a) Each member of a county equalization board, before entering upon the discharge of his duties, shall take the oath of office prescribed in Arkansas Constitution, Article 19, § 20, and further, that he will fearlessly, impartially, and faithfully equalize the assessed value of all property assessed and subject to taxation.
 (b) The oath shall be subscribed and sworn to by each member of the board before the clerk of the county court, and the clerk shall make it a matter of record in his office.
Article 19, § 20 of the Arkansas Constitution, which is referred to in the statute above, provides as follows:
 Senators and Representatives and all other judicial and executive, State and county officers, and all other officers, both civil and military, before entering on the duties of their respective offices shall take and subscribe to the following oath of affirmation: "I, _______, do solemnly swear (or affirm) that I will support the Constitution of the United States and the Constitution of the State of Arkansas, and that I will faithfully discharge the duties of the office of ________, upon which I am now about to enter."
Each of these provisions requires the taking of an oath before the equalization board member enters upon the discharge of his duties. Typically, this involves the taking of an oath at the beginning of each new term of office. See generally, 63C Am.Jur2d Public Officers andEmployees § 124. It is my opinion, therefore, that county board of equalization members should generally be sworn in at the commencement of each term of office. This rule, in my opinion, obtains, even if a particular member is re-appointed to a new "term." It is my opinion, however, that each member need not be sworn in yearly before the discharge of his or her duties pertaining to equalization of assessments (see A.C.A. § 26-27-309), unless that date coincides with the commencement of a term.
The failure of a county board of equalization member to take the oath of office at the required time, however, does not, in most cases, invalidate any action taken prior to swearing the oath. See e.g., Pennington v.Oliver, 245 Ark. 251, 431 S.W.2d 843 (1968) (equalization board members who were not appointed in compliance with statute and who failed to take the oath within the time required were nonetheless "de facto" officers whose actions could not be attacked collaterally).
Question 2 — Is it permissible for the Equalization Board to meet in Julyto set up their August meetings?
In my opinion the answer to this question is "yes" pursuant to A.C.A. §26-27-312. That statute, enacted in 1955, provides that:
 (a)(1) The equalization board of any county, on petition of the county judge or on its own motion, shall, at any time, convene in special session for the purpose of planning its work of equalization of property assessments.
 (2) For this purpose only, the board shall be vested and charged with all the powers and duties with which the board is vested and charged when meeting in regular session. In addition, the board shall be empowered to employ qualified appraisers, abstractors, or other persons needed to appraise properties, which appraisal the board may need in the discharge of its duties.
 (c) The expense of any special session of the board, including the expense for employment of appraisers, abstractors, and other persons needed shall be allowed and paid from the general fund of the county.
 (2) The general fund of the county shall be reimbursed by transfer to it from the funds of the respective taxing units of the county, and the amount to be contributed by each taxing unit shall be in the proportion that the total of the ad valorem taxes collected for the benefit of each taxing unit bears to the total of the ad valorem taxes collected for the benefit of all taxing units during the collection period next following the special session.
In my opinion, therefore, the county board of equalization may meet in July for the purpose of "planning its work" under A.C.A. § 26-27-312. Seealso, Gilmore v. Lawrence County, 246 Ark. 614, 439 S.W.2d 643 (1969) (stating that "the legislature recognized that planning sessions at which tentative decisions could be made are a necessity").
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh