The Honorable Jerry Don Ramey, Prosecuting Attorney 15th Judicial District 314 N. 2nd, P.O. Box 381 Dardanelle, AR 72834
Dear Mr. Ramey:
You have requested an Attorney General opinion in response to the following questions concerning the service of county administrative and advisory board members:
 (1) Should all board members who have served more than two consecutive terms in violation of A.C.A. § 14-14-705(3)(A) be replaced immediately or at the end of their respective terms?
 (2) If board members who serve more than two consecutive terms in violation of A.C.A. § 14-14-705(3)(A) are to be removed immediately, what is the appropriate way to deal with a board on which every member has served more than two consecutive terms in violation of A.C.A. § 14-14-705(3)(A), taking into consideration that immediate removal of all board members would leave that board without any experience or leadership?
 (3) What are the possible ramifications of not replacing a board members who had served on a board more than two consecutive terms in violation of A.C.A. § 14-14-705(3)(A)?
 (4) What is the status of decisions made by a board on which a board member has served more than two consecutive terms in violation of A.C.A. § 14-14-705(3)(A)?
 (5) Does A.C.A. § 14-14-705(3)(A) apply to the members of the administrative board for a county hospital?
 (6) May a board member's business benefit financially while he serves as a board member, where the business is the only business of that type in the area, and may that county entity legally contract with that business?
RESPONSE
Question 1 — Should all board members who have served more than twoconsecutive terms in violation of A.C.A. § 14-14-705(3)(A) be replacedimmediately or at the end of their respective terms?
State law does not explicitly address this question with regard to boards that are governed by A.C.A. § 14-14-705.
The statute that you referenced in your question, A.C.A. §14-14-705(3)(A), is part of a set of statutes that authorize the creation by county quorum courts of certain administrative and advisory boards. That set of statutes also governs those boards. The specific section that you referenced states:
 (3) BOARDS GENERALLY. (A) No board member, either advisory or administrative, shall be appointed for more than two (2) consecutive terms.
A.C.A. § 14-14-705(3)(A).
None of the statutes governing boards that are subject to A.C.A. §14-14-705(3)(A) address the question of when board members who are serving unauthorized terms should be replaced. However, it is my opinion that such board members cannot be replaced until they have been officially removed by way of the process provided in A.C.A. §14-14-705(3)(E). I base this conclusion on the fact that these board members are de facto officers. A de facto officer is "one who by some color of right is in possession of an office and for the time being performs its duties with public acquiescence, though having no right in fact." Appleby v. Belden Corp., 22 Ark. App. 243, 738 S.W.2d 807 (1987);Brown v. Anderson, 210 Ark. 970, 976, 198 S.W.2d 188 (1946). An officer can become a de facto officer by continuing to serve in his office after the expiration of his term, even where no provision of law authorizes him to continue in office. See 67 C.J.S.2d, Officers, § 271. Accord, Op. Att'y Gen. No. 99-024.
Because a board member who is serving beyond his initial two terms can continue to hold his board position as a de facto officer,[1] no vacancy will occur in that position unless he is removed. Therefore, until the board member is removed, there will be no vacancy to be filled.
Once the board member has been removed under the removal procedure provided in A.C.A. § 14-14-705(3)(E), a vacancy will exist and can be filled. Under that removal process, the county judge may remove board members "for cause." The quorum court must confirm the removal, by resolution. Written notice must be given to the board member prior to the date on which the quorum court is to consider the removal, and the member must be allowed to meet with the quorum court in their deliberation on the removal. The member may appeal his removal within thirty days of the quorum court's confirmation of the removal.
No time limitations related to removal of board members are stated other than those included in these procedural requirements. Presumably, the removal procedure can be initiated at any time.
It therefore appears that a board member who is serving an unauthorized term can be removed at any time — either at the end of that term, or prior to the end of that term — but cannot be replaced until he is removed.
Question 2 — If board members who serve more than two consecutive termsin violation of A.C.A. § 14-14-705(3)(A) are to be removed immediately,what is the appropriate way to deal with a board on which every memberhas served more than two consecutive terms in violation of A.C.A. §14-14-705(3)(A), taking into consideration that immediate removal of allboard members would leave that board without any experience orleadership?
Because I have opined that board members who are serving beyond their initial two terms need not be removed immediately, the issues raised by this question are ones that can be left to the discretion of those holding removal power.
Question 3 — What are the possible ramifications of not replacing a boardmember who had served on a board more than two consecutive terms inviolation of A.C.A. § 14-14-705(3)(A)?
It is my opinion that the most foreseeable ramification of a failure to remove and replace a board member who is serving in violation of A.C.A. § 14-14-705(3)(A) is that an interested citizen could petition a court for a writ of mandamus to force the member's removal and replacement. Until that time, however, the actions of the board are valid. See
response to Question 4, infra.
Question 4 — What is the status of decisions made by a board on which aboard member has served more than two consecutive terms in violation ofA.C.A. § 14-14-705(3)(A)?
It is my opinion that the decisions made by a board on which a board member has served more than two consecutive terms in violation of A.C.A. § 14-14-705(3)(A) are legal and valid. As noted in response to Question 1, the board member in question is a de facto officer. As such, his acts as a board member are legal and valid. It is well established that the acts of de facto officers are valid. Chronister v. State,55 Ark. App. 93, 931 S.W.2d 444 (1996); Pennington v. Oliver, 245 Ark. 251,431 S.W.2d 843 (1968), Ops. Att'y Gen. Nos. 98-128; 97-257; 97-003.
With regard to this issue, the Pennington court stated:
 [W]e conclude that [the board members in question] were de facto members of the Board, and that their actions were therefore valid. This is in accord with the holdings of this Court in Faucette, Mayor v. Gerlach, 32 Ark. 58, 200 S.W. 279. There we find this statement:
 "A person who enters into an office and under takes the performance of the duties thereof by virtue of an election or appointment, is an officer de facto, though he was ineligible at the time he was elected or appointed, or has subsequently become disabled to hold the office. Indeed, it is settled by a current of authority almost unbroken for over 500 years in England and this country, that ineligibility to hold an office does not prevent the ineligible incumbent, if in possession under color of right and authority, from being an officer de facto with respect to his official acts, in so far as third persons are concerned."
Pennington, supra, at 254, quoting Faucette, Mayor v. Gerlach,32 Ark. 58, 200 S.W. 279 (1918).
It has also been observed that
 it is generally held that persons having color of title may be regarded as de facto officers, even though legally they are not eligible for the position or do not possess the statutory qualifications for the office. One duly appointed or elected to an office but who has failed to take the oath required or to execute a bond within the time prescribed, or one whose bond is irregular, is at least a de facto officer so that his acts are valid as to the public.
67 C.J.S. Officers 269.
On the basis of these authorities, I conclude that the decisions of a board on which a member has served more than two consecutive terms in violation of A.C.A. § 14-14-705(3)(A) are legal and valid.
Question 5 — Does A.C.A. § 14-14-705(3)(A) apply to the members of theadministrative board for a county hospital?
It is my opinion that A.C.A. § 14-14-705(3)(A) does not apply to the members of the administrative board for a county hospital.
Prior to 1977, county hospitals were governed by the provisions of Act 481 of 1949. In 1977, those provisions were repealed by Act 742, § 117. Under that Act, the boards of county hospitals would have been abolished, and county hospitals would have been governed by a county board created pursuant to the provisions of A.C.A. § 14-14-701 et seq.
However, in the Extraordinary Session of 1977, the General Assembly passed Act 13, which declared that the effects of Act 742 of 1977 would be detrimental to county hospitals and that therefore, county hospital boards in existence prior to Act 742 of 1977 would continue to exist. The Act also stated the General Assembly's intent to assure that the county hospitals would be operated in the same manner as under Act 481 of 1949, as though Act 481 had not been repealed. Act 13 proceeded then to set forth certain requirements that are to govern the boards of county hospitals.
Accordingly, the boards of county hospitals are now governed by the provisions of Act 13 of 1977 (Ex. Sess.), codified at A.C.A. § 14-263-101et seq. Act 13 was clearly intended to provide that county hospitals not be governed by A.C.A. § 14-14-701 et seq. For this reason, it is my opinion that A.C.A. § 14-14-705(3)(A) does not apply to county hospitals.
I note that A.C.A. § 14-263-104 specifically addresses the creation of county hospital boards, the appointment of their members, and the filling of vacancies on the board. Although this section specifically prescribes the term lengths for board members, it does not include a term limits provision. It therefore appears that county hospital board members are not subject to such a limitation.
Question 6 — May a board member's business benefit financially while heserves as a board member, where the business is the only business of thattype in the area, and may that county entity legally contract with thatbusiness?
Your correspondence appears to indicate that this question is again referring to a board that is governed by the provisions of A.C.A. §14-14-705. Assuming that you are referring to such a board, it is my opinion that the board in question may not contract with a board member's business.
A.C.A. § 14-14-705(2(B) states:
 (B) No member of any administrative board shall be interested, either directly or indirectly, in any contract made with the administrative board. A violation of this subdivision shall be deemed a felony.
A.C.A. § 14-14-705(2)(B). Accord, Warren v. Reed, 231 Ark. 714,331 S.W.2d 847 (1960) (hospital board's contract with board member held invalid as against public policy).
The above-quoted language is clear and unequivocal. Board members are not to have any interest, direct or indirect, in any contract made with the board. The statute makes no exceptions to this prohibition, and violation is a felony.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] In many cases, officers whose terms have expired are authorized to "hold over" in their positions as de jure officers, under the authority of Article 19, § 5 of the Arkansas Constitution, or under a statute that specifically authorizes holdovers. See, e.g., A.C.A. § 24-11-405(b) (authorizing members of local police pension boards to hold over in their board positions until their successors are elected and qualified). However, Article 19, § 5 does not apply to appointed officers (such as members of an administrative board created under the authority of A.C.A. § 14-14-705), see Op. Att'y Gen. No. 97-188, nor is there any specific statutory authority for members of an administrative board created under A.C.A. § 14-14-705 to hold over. This absence of specific holdover authority in the situation you have described aptly illustrates a policy basis for allowing de facto officers to hold over in their positions. See again 67 C.J.S. Officers, § 271. The Arkansas Supreme Court described this policy as having a goal of "`order and regularity, and to prevent confusion in the conduct of public business. . . .'" Brown v. Anderson,210 Ark. 970, 976, 198 S.W.2d 188 (1946), quoting Faucette v. Gerlach,132 Ark. 58, 200 S.W. 279 (1918).