The Honorable Dwight Fite State Representative 1003 Highway 35 Benton, Arkansas 72015-5814
Dear Representative Fite:
I am writing in response to your request for an opinion on a question regarding the eligibility of a school board director to retain his office. Specifically, you pose the following question:
 If a person wins an elected position on a school board and later learns he lives in a different school district, may he continue to serve as a board member, with the results of the election standing, if he moves back into the district in which he was elected?
RESPONSE
In my opinion a person who does not reside in the school district that he is elected to serve is ineligible to be a school board director in that district. The school district board of directors may declare his position vacant and appoint a new director to serve. The school board's power in this regard, however, appears to be discretionary. If the school board member moves back into the district before his position is declared vacant or otherwise challenged, he may be able to retain the office, if eligible at that time. The answer to your question, therefore, depends upon whether action is taken to remove him during his period of ineligibility.
It is clear, in my opinion, that school board directors must reside in the districts they serve. Section 6-13-616(a) of the Arkansas Code states in pertinent part that: ". . . no person shall be eligible to be a member of any school district board of directors in this state unless he is a qualified elector of the school district he serves." See also, Arkansas Constitution art. 19, §§ 3 and 4 (requiring officers to have the qualifications of an elector and reside in their respective districts, counties and townships); and Davis v. Holt, 304 Ark. 619, 804 S.W.2d 362
(1991) (holding a school board director ineligible for lack of residence and declaring his position vacant after institution of an election contest by the unsuccessful candidate).
The school district board of directors is given power to declare a vacancy in such instance. Section 6-13-613(f) provides that:
 (f) Should a local school board member accept employment at a distance from the school district such that it renders the maintenance of his residence in the district impossible or impracticable, should he remove his actual, bona fide residence outside the district boundaries, on other than a temporary basis, should he fail to attend a meeting of the school board for over a period of ninety (90) days, his office as a school board member, and any positions held thereon, may be declared vacant by a majority vote of the remaining school board members, and his successor shall be appointed as prescribed by law.
The filling of vacancies is governed by A.C.A. § 6-13-611, which provides in pertinent part that:
 (a) If a vacancy occurs on the school district board of directors, the vacancy shall be filled by a majority vote of the remaining directors.
* * *
 (b) All appointed directors shall serve only to the next annual school election, at which time the electors shall select in the usual manners directors to serve the unexpired terms of the vacating directors.
It is clear, in my opinion, that the school board is invested with some discretion as to whether to declare the vacancy. A vacancy does not automatically arise based upon the lack of residence, but only arises when it is declared by the school board or by a court. See Op. Att'y. Gen. 98-193 (no immediate vacancy occurs after a school board member's removal of bona fide residence from the district, but the vacancy may be declared by the school board). Even though an officer is ineligible to hold the office, however, as long as he was elected or appointed under color of law he may serve and validly act as a "de facto" officer while he is permitted to retain the office.
This so-called "fiction of law" has been summarized by the Arkansas Supreme Court as follows:
 A person who enters into an office and undertakes the performance of the duties thereof by virtue of an election or appointment, is an officer de facto though he was ineligible at the time he was elected or appointed, or has subsequently become disabled to hold the office. Indeed, it is settled by a current of authority almost unbroken for over 500 years in England and this country, that ineligibility to hold an office does not prevent the ineligible incumbent, if in possession under color of right and authority, from being an officer de facto with respect to his official acts, in so far as third persons are concerned.
Pennington v. Oliver, 245 Ark. 251, 254, 431 S.W.2d 843 (1968), quotingFaucette, Mayor v. Gerlach, 132 Ark. 58, 200 S.W. 279 (1918).
The acts of de facto officers are valid. See Appleby v. Belden Corp.,22 Ark. App. 243, 738 S.W.2d 807 (1987) (holding that the acts of de facto officers are valid and effectual while they are permitted to retain the office, as though they were officers by right, and such actions cannot be questioned collaterally). An officer "de facto," however, is a usurper and can be removed from office in the manner provided by law. See e.g.,Sitton v. Burnett, 216 Ark. 574, 226 S.W.2d 544 (1950).
In my opinion, therefore, the school board director you describe, during the period he lacks the requisite residence, is ineligible to hold the office. The school board may act to declare his position vacant and fill it with an appointee. If the school board does not act to remove him, however, and no court action is instituted seeking his removal, he may be permitted to retain the office and serve as an officer "de facto," until and unless he is removed in the manner provided by law. If he is not so removed while the ineligibility exists, he may later be able to defend himself as an officer "de jure" if he regains the requisite residence.
The answer to your question, therefore, depends upon whether his service is challenged prior to the time he regains the proper residence.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh