The Honorable Jeff Gillespie State Representative 13636 Hwy. 80 Danville, AR 72833-6043
Dear Representative Gillespie:
I am writing in response to your request for my official opinion on the following question:
 Is it legal for someone to file for Justice of the Peace if they do not reside in the district they will have jurisdiction over when they filed for office?
RESPONSE
In my opinion, assuming by "reside in" you mean "maintain one's domicile in," the answer to this question is "no." However, if no one challenges the candidate's eligibility and he is subsequently elected to office, he will serve as a de facto officer whose actions will be valid until his office is declared vacant by the quorum court or a circuit court. A.C.A § 14-14-1309.
Section 14-14-1306 of the Code (Repl. 1998) provides:
 (a) All county, county quorum court district, and township officers shall reside within their respective townships, districts, and counties.
 (b) An office shall be deemed vacant if a county officer removes his legal residence from the county or if a district or township officer removes his legal residence from the district [or] township from which elected.
 (c) For purposes of this section, legal residence shall be defined as the domicile of the officer evidenced by the intent to make such residence a fixed and permanent home.
(Emphasis added.) Section 7-5-207(b) of the Code (Repl. 2000) further provides:
 (b) No person's name shall be printed upon the ballot as a candidate for any public office in this state at any election unless the person is qualified and eligible at the time of filing as a candidate for the office to hold the public office for which he is a candidate, except if a person is not qualified to hold the office at the time of filing because of age alone, the name of the person shall be printed on the ballot as a candidate for the office if the person will qualify to hold the office at the time prescribed by law for taking office.
(Emphasis added.) Article 7, § 41 of the Arkansas Constitution further provides:
 A justice of the peace shall be a qualified elector and a resident of the township for which he is elected.
As one of my predecessors noted in Ark. Op. Att'y Gen. No. 96-265:
 . . . The Arkansas Supreme Court has interpreted the requirement of "qualifications of an elector" to include a requirement of residence in the political subdivision in question. See Thomas v. Sitton, 213 Ark. 816, 212 S.W.2d 710 (1948).
 The court has recognized that the term "residence" can be rather nebulous, in that a person can conceivably have more than one residence, or can have a temporary residence. See Davis v. Holt, 304 Ark. 619, 804 S.W.2d 362 (1991). In construing the term "residence" for purposes of applying Article 19, § 3 of the Arkansas Constitution, however, the Arkansas Supreme Court appears to have equated" residence" with "domicile." Davis, supra; Charisse v. Eldred, 252 Ark. 101, 477 S.W.2d 480 (1972). The term "domicile" reflects the idea of both physical presence and an intent to remain permanently. Davis, supra; Black's Law Dictionary at 435 (5th ed., 1979); Op. Att'y Gen. No. 94-208.
 It should be noted that the question of domicile (and therefore the question of residence in the context of Article 19, § 3) is one of fact that must be determined on the basis of all of the relevant factors. Davis, supra; Charisse, supra. One of the most important factors to be considered in determining a person's domicile (i.e., residence) is intent. Id. I have previously opined that other factors that are relevant to this consideration are location of residence ownership; voter registration information; location of the exercise of voting rights; location of personal property tax assessment; and other statements and conduct of the person involved. See Op. Att'y Gen. No. 88-208.
Accord Ark. Op. Att'y Gen. No. 97-164.
In accordance with these principles, one of my predecessors opined in the attached Ark. Op. Att'y Gen. No. 92-324 that a quorum court seat occupied by a nonresident might be declared vacant by a circuit court or by the quorum court, with a right of appeal to the circuit court. A.C.A §14-14-1309(a)(2) (Repl. 1998). In the attached Ark. Op. Att'y Gen. No.94-208, my predecessor further stressed that the question of where a candidate for justice of the peace is domiciled is one of fact that this office is unable to address and that should be addressed by the quorum court or a circuit court. In the event someone wishes to challenge a candidate's eligibility prior to the election, the appropriate avenue for relief is an action for mandamus and declaratory relief to keep the prospective candidate's name off the ballot. Robinson v. Craighead CountyBoard of Election Commissioners, 300 Ark. 405, 779 S.W.2d 169 (1989).
The courts have not yet addressed the question of whether a candidate who was ineligible at the time he filed to run under A.C.A § 7-5-207(b) might cure the deficiency by changing his domicile prior to the election. However, in the attached Ark. Op. Att'y Gen. No. 2001-321, one of my predecessors opined that a school board member who was a nonresident of the district when elected to office might continue to serve if he were to move his domicile into the district.
I should further note that if a nonresident's name is placed on the ballot and he is subsequently elected, a court would almost certainly deem valid his official actions taken prior to his removal. As I noted in Ark. Op. Att'y Gen. No. 2003-194:
 Even though an officer is ineligible to hold an office, as long as he was elected or appointed under color of law he may serve and validly act as a "de facto" officer while he is permitted to retain the office. This so-called "fiction of law" has been summarized by the Arkansas Supreme Court as follows:
 A person who enters into an office and undertakes the performance of the duties thereof by virtue of an election or appointment, is an officer de facto though he was ineligible at the time he was elected or appointed, or has subsequently become disabled to hold the office. Indeed, it is settled by a current of authority almost unbroken for over 500 years in England and this country, that ineligibility to hold an office does not prevent the ineligible incumbent, if in possession under color of right and authority, from being an officer de facto with respect to his official acts, in so far as third persons are concerned.
 Pennington v. Oliver, 245 Ark. 251, 254, 431 S.W.2d 843 (1968), quoting Faucette, Mayor v. Gerlach, 132 Ark. 58, 200 S.W. 279 (1918).
 Thus, an officer who is in possession and exercising the duties of an existing office, if he or she has at least a fair color of right or title to the office (through, for example, election or appointment to the position by the legally constituted authority) is a de facto
officer. As such the actions of such person are not "void ab initio," but rather are "valid and effectual, while he is permitted to retain the office, as though he were an officer by right." Appleby v. Belden Corp., 22 Ark. App. 243, 247, 738 S.W.2d 807 (1987). See also Op. Att'y Gen. 93-031.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh