The Honorable Shane Broadway State Senator
201 Southeast Second Street Bryant, Arkansas 72202-4025
Dear Senator Broadway:
I am writing in response to your request for my opinion on the following questions:
 1. Is a member of a Regional Solid Waste Management Board ("RSWMB") who is appointed by a county judge or mayor under subsection (b) of A.C.A. 8-6-703, ineligible to serve longer than a maximum of two terms or four years total?
 2. If the answer to question 1 is "yes," may the county judge or mayor immediately undertake personal participation on the District Board in place of the member whom he had appointed, despite that official having served in his respective elective office more than four years?
 3. When a member of a RSWMB, who is appointed by a county judge or mayor under subsection (b) of A.C.A. 8-6-703, has served longer than two terms or four years total but is still within the term for which the county judge or mayor was elected, must/should the appointing body take any affirmative steps to express its "pleasure" that the appointed member continue to serve?
As background, you have indicated that your question concerns the membership of the board of the Saline County Regional Solid Waste Management District. *Page 2 
Although the board consists of five positions — the Saline County Judge and the Mayors of Haskell, Bryant, Benton and Shannon Hills — the county judge and three mayors have appointed representatives to serve in their stead. The Arkansas Department of Environmental Quality has reportedly questioned whether, in light of the provisions of A.C.A. § 8-6-703(c)(3)(B), which imposes a four-year term limitation on appointees, these appointed members may serve for a longer period. The district, based upon its interpretation of the statute, has reportedly taken the position that the term limitation does not apply to appointees designated by individual officials to act in their stead, but rather only to appointees designated by a board that lacks the requisite number of five qualified members. My inquiries reveal that the district board has initiated and approved submission of this request in an effort to resolve this issue and to ensure that board action, including the proposed sale of a landfill, will be legally unassailable.
RESPONSE
With respect to your first question, in my opinion, A.C.A. § 8-6-703 is unequivocal in limiting the terms of appointed board members to four years. Hence, I believe the answer to this question is "yes." However, in my opinion, the actions of holdover board members, so long as they were properly appointed at the commencement of their terms, will be deemed effective under what is known as the "de facto doctrine." In my opinion, the answer to your second question is likewise "yes." The statute authorizes a qualified public official to remove an appointee at any time and to step into the appointee's place and serve as long as he or she remains in office. With respect to your third question, I believe an appointing body may at its "pleasure" — the term used in the statute — remove an appointee at any time. However, I do not believe this provision empowers an appointing body to extend an appointee's term beyond the four years specified in the statute. Consequently, I believe the answer to this question is "no."
Question 1: Is a member of a Regional Solid Waste ManagementBoard ("RSWMB") who is appointed by a county judge or mayorunder subsection (b) of A.C.A. 8-6-703, ineligible to serve longerthan a maximum of two terms or four years total?
In my opinion, the answer to this question is "yes," although any member holding over beyond his or her statutorily established term nevertheless retains the power *Page 3 
to act in an official capacity until removed by the appointed official or successfully challenged in court as a usurper.
Subsection 8-6-703 of the Arkansas Code (Supp. 2009) provides in pertinent part:
 (b)(1) Each regional solid waste management board shall be composed of representatives of the counties within the district and representatives of all first class cities, of all cities with a population over two thousand (2,000) according to the latest federal decennial census, and of the largest city of each county within the district.
 (2) The county judge of each county within the district and the mayor of each city entitled to a representative in the district shall serve on the board, unless the county judge or mayor elects instead to appoint a member as follows:
 (A) The county judge, with confirmation by the quorum court of each county within the district, shall appoint one (1) member to the board; and
 (B) The mayor, with confirmation by the governing body of each city entitled to a representative in the district, shall appoint one (1) member.
 (c)(1) Each board shall have a minimum of five (5) members.
 (2) If the number of members serving under subsection (b) of this section is less than five (5), additional members necessary to make the total number equal five (5) shall be appointed by mutual agreement of the other board members and shall represent the general public within the district.
 (3)(A)(i) Appointed regional board members shall serve for staggered terms of two (2) years. *Page 4 
 (ii) Provided, however, that all members appointed pursuant to subsection (b) of this section shall serve at the pleasure of the appointing body.
 (B) Each appointed board member shall be eligible for a maximum of two (2) terms or four (4) years total.
(Emphasis added.)
In my opinion, this statute is clear in its terms, providing the following conditions. First, the county judge and the mayors of the cities described in subsection (b)(1) of the statute will serve on the board, unless any of them chooses to appoint a representative approved by the governing body. Second, if the officials qualified to serve do not number five or more, the qualified officials or their appointed representatives will appoint additional members to equal five. Third — and crucial to your question — any
appointed member, whether appointed as a substitute for a public official or as an additional member to reach the required number of five, is eligible to serve "for a maximum of two (2) terms or four (4) years total."
I reach this conclusion based upon the plain language of the highlighted passage above. In my opinion, the limitation set forth in subsection (c)(3)(B) is categorical. The District apparently takes the position that this limitation applies only in instances when the public officers qualifying to serve on the board do not reach the required number of five. I see nothing in the statute to support this conclusion, which further strikes me as strongly counterintuitive.
Indeed, I believe the District's interpretation is directly at odds with the provisions of subsection (c)(4), which provides as follows:
 Vacancies shall be filled for any unexpired term of an appointed member in the same manner as provided in subsection (b) of this section and subdivision (c)(2) of this section.
Subsection (b) sets forth who will serve on a board and affords the power to appoint a substitute to serve in one's stead. Subsection (c)(2) provides that if a board has fewer than five members, the serving members must appoint whatever number of individuals is necessary to reach the required number of five. *Page 5 
Subsection (c)(4), which is quoted immediately above, makes clear that the term limitation on appointees selected to fill a vacancy will apply both to appointees by public officials and appointees by a board lacking sufficient members. Stated differently, the statute provides that an appointee selected to fill the vacancy of an original appointee will be subject to the original appointee's term limitation, irrespective of what variety of appointee the original appointee was. The District would appear to be mistaken, then, in its suggestion that a public official's appointee is not subject to a term limit whereas a district board's appointee is subject to a term limit.
In my opinion, then, the statute clearly envisions that only qualifying public officials may serve for an indefinite term. Nothing suggests that the reference in subsection (c)(3)(B) to "each appointed board member" should be limited to members appointed by the remaining board members. Moreover, it defies logic to suggest that the legislature might have had any such intention.
I should further address the suggestion that subsection (b)(3)(A)(ii), which provides that "all members appointed pursuant to subsection (b) of this section shall serve at the pleasure of the appointing body," trumps the term limitation in subsection (c)(3)(B) of the statute, which expressly limits the terms of appointed members of a board to four years. In my opinion, the provision relating to service at the "pleasure" of the appointing body means only that an appointee may be removed at any time, either to be replaced with another appointee or the public official entitled to occupy the position. In other words, the statutory reference to serving at "the pleasure of the appointing body" merely indicates that an individual is not assured of serving any two-year term to which he has been appointed; rather, the appointing body, at its "pleasure," may remove him or her before the term has expired. I do not believe this provision means that the appointing body may extend an appointee's term beyond that specified in the statute. To conclude otherwise would render the term limitations set forth in the statute totally ineffectual.
Accordingly, I believe all appointees are subject to the term limit just discussed. You report, and I have confirmed, that this is the conclusion of the Department of Environmental Quality, whose judgment in this matter fully accords with my own.
Finally, I should address the possibility that certain board members, for whatever reasons, may in fact have served for a longer period than that specified in the *Page 6 
statute. The question arises what would be the effect of such board members' actions. In this regard, I should note the applicability of what is known as the "de facto doctrine." As this office noted in Op. Att'y Gen. No. 2001-321:
 This so-called "fiction of law" has been summarized by the Arkansas Supreme Court as follows:
 A person who enters into an office and undertakes the performance of the duties thereof by virtue of an election or appointment, is an officer de facto though he was ineligible at the time he was elected or appointed, or has subsequently become disabled to hold the office. Indeed, it is settled by a current of authority almost unbroken for over 500 years in England and this country, that ineligibility to hold an office does not prevent the ineligible incumbent, if in possession under color of right and authority, from being an officer de facto with respect to his official acts, in so far as third persons are concerned.
 Pennington v. Oliver, 245 Ark. 251, 254, 431 S.W.2d 843 (1968), quoting Faucette, Mayor v. Gerlach, 132 Ark. 58, 200 S.W. 279 (1918).
 The acts of de facto officers are valid. See Appleby v. Belden Corp., 22 Ark. App. 243, 738 S.W.2d 807 (1987) (holding that the acts of de facto officers are valid and effectual while they are permitted to retain the office, as though they were officers by right, and such actions cannot be questioned collaterally). An officer "de facto," however, is a usurper and can be removed from office in the manner provided by law. See, e.g., Sitton v. Burnett, 216 Ark. 574, 226 S.W.2d 544 (1950).
This principle supports the proposition that actions undertaken by properly appointed board members beyond their terms will be deemed valid until, in each instance, the appointing authority or a court removes an official from office.
Question 2: If the answer to question 1 is "yes," may thecounty judge or mayor immediately undertake personal participationon the District Board in place of *Page 7 the member whom he had appointed, despite that official havingserved in his respective elective office more than four years?
In my opinion, the answer to this question is "yes." Subsection (b)(2) of the statute categorically provides that a qualifying public official may serve on the board. The statute contains no qualification regarding how long such an official has held public office or how long he or she has served on the board. In my opinion, there are consequently no term limits for public officials who serve on a district board.
Question 3: When a member of a RSWMB, who is appointed by acounty judge or mayor under subsection (b) of A.C.A. 8-6-703, hasserved longer than two terms or four years total but is still withinthe term for which the county judge or mayor was elected,must/should the appointing body take any affirmative steps toexpress its "pleasure" that the appointed member continue toserve?
In my opinion, the answer to this question is "no" because the appointing body lacks the authority to extend a board member's service beyond the statutory limits. As reflected in my response to your first question, I do not believe that the statutory reference in subsection (b)(3)(A)(ii) to service "at the pleasure of the appointing body" authorizes any extension of a board member's term beyond the limits set forth in the statute. In my opinion, the appointing body cannot extend a term beyond the four-year limitation, regardless of whether it expresses its "pleasure" that the time limitation not apply.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/JHD:cyh *Page 1